# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON IZQUIERDO MATA,<br>(A Number: 023-221-064)<br><br>Petitioner,<br>v.<br><br>WARDEN, *Mesa Verde Detention Facility*,<br><br>Respondent. | Case No. 1:26-cv-08176-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE GRANTED AND PETIONER BE IMMEDIAELY RELEASED**<br><br>(Doc. 1)<br><br>**<u>SEVEN-DAY DEADLINE</u>** |

Nelson Izquierdo Mata is an immigration detainee and citizen of Cuba proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1; Doc. 11 at 4). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 6, 2026, the assigned Magistrate Judge issued an order requiring Respondent to show cause why the writ should not be granted. (Doc. 6). On October 13, 2026, Respondent filed a response to the order to show cause. (Doc. 11).

Respondent argues that Petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(1)(C) because he is unlikely to comply with removal and has refused to cooperate with his removal from the United States. (Doc. 11 at 1, 4 (incorporating arguments Respondent made in response to a prior petition)). Respondent explains the U.S. Immigration and Customs Enforcement ("ICE") has been attempting to remove Petitioner to Mexico, but that Petitioner has not cooperated. (*Id.*). Notably, no evidence has been presented that Petitioner has been ordered removed to Mexico. Rather, Petitioner was ordered removed to Cuba on March 20, 1996 and released from immigration custody on an order of supervision on a date prior, because Petitioner

could not be removed to Cuba. (*Id.* at 10). Petitioner was then re-detained on March 28, 2026. (*Id.*). Mexico has refused to accept Petitioner's return and no evidence exists that Mexico is listed in Petitioner's removal order. (*Id.*)

**A. Motion to Appoint Counsel**

On October 5, 2026, Petitioner requested the appointment of counsel. (Doc. 3). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the undersigned is recommending the petition be granted on the papers, *see infra*, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**B. Respondents' Request for a Stay**

Starting with Respondent's request to stay this case pending the outcome of *DHS v. DVD, et al.*, 609 U.S. ___ (2026), (Doc. 11 at 1), the undersigned recommends declining Respondent's request.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required

to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The undersigned finds Respondent does not meaningfully engage with the factors relevant to justify that a stay is warranted and, therefore, Respondent has not met its burden to establish its need for a stay. This is especially true where, as here, there is "even a fair possibility" of harm to the opposing party, as in such a case the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. As relevant here, *DHS v. DVD* has not been argued, and a stay of at least several more months in resolving the instant petition would involve a continued revocation of Petitioner's liberty. Further, the issue to be resolved in the *DHS v. DVD* would not have any impact here since the country Respondent seeks to send Petitioner to (i.e. Mexico) requires Petitioner's voluntary consent, which was not an issue in the *DHS v. DVD* appeal.[1] Because the undersigned finds that Respondent has not identified the existence of any hardship or inequity in the Court deciding the petition or otherwise met its burden to establish its need for a stay, the undersigned recommends declining Respondent's request for a stay.

**C. Merits**

The undersigned incorporates and adopts the reasoning set forth in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618 (E.D. Cal. July 16, 2026), where the court explained that Respondent's argument that it may extend Petitioner's detention to effect

---

[1] The relevant question in *DHS v. DVD* is "whether the government's guidance on third-country removals is unlawful under 8 U.S.C. § 1231(b), the due process clause, or FARRA/CAT and its implementing regulations." Here, even if it were permissible for the government to remove a person to a third-party country without process (the new policy / guidance at issue), it would still need to abide by the requirements of the country considering accepting these removals. Case law suggests Mexico requires voluntary consent. See e.g. *Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026) (Mexico conditioned the acceptance of a Cuban national ordered removed on his willingness to be removed there.) *Castillo Rivas v. Bondi*, No. 26-cv-00134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (evaluating whether the respondents' representation that Mexico accepts third country removals rebutted the petitioner's showing that Mexico will not accept any third country removal who does not voluntarily consent).

removal because they have declined to cooperate with their removal to a third-country to which they have not been ordered removed is without merit. The undersigned further adopts the reasoning set forth in *Melian S. v. U.S. Att'y Gen.*, No. 1:26-CV-04512-TLN-CKD, 2026 WL 1862745, at *3 (E.D. Cal. June 29, 2026), *Fominalla v. Warden, California City (ICE)*, No. 1:26-CV-04283-DC-CSK, 2026 WL 2186564, at *3 (E.D. Cal. July 29, 2026), *Torres Cruz v. Chestnut*, No. 1:26-CV-04690-DAD-SCR, 2026 WL 2057108, at *1 (E.D. Cal. July 16, 2026), and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that Respondent has not demonstrated changed circumstances regarding the likelihood of Petitioner's removal in the reasonably foreseeable future as is required to justify revocation of Petitioner's release and his continued detention.

Here, identical to *Obando Vargas v. Blanche*, Petitioner has no removal order to Mexico. Respondent's argument appears to be that, because Petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This argument is without merit. Respondent concedes in its brief that Petitioner's consent is needed to be removed to Mexico. (Doc. 11 at Exhibit A, pg. 2). (citing *Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026) (recognizing that there is evidence that Mexico accepts Cuban nationals contingent upon the national's consent)).

The undersigned observes that some of Respondent's briefing is focused on Petitioner's criminal history. (Doc. 11 at 2). But criminal history is not relevant to the inquiry set by the Supreme Court under *Zadvydas*. *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (holding that, after the six-month presumptively reasonable detention period has lapsed, "if the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [non-citizen]."). Indeed, controlling Ninth Circuit authority has held that even serious criminal history "does not obviate the normal *Zadvydas* analysis." *Kovalchuk v. Martinez*, No. 1:26-cv-00978-JLT-FJS (HC), 2026 WL 1179736, at *1 n.1 (E.D. Cal. Apr. 30, 2026) (citing *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004)).

Further, Respondent does not rely on 8 C.F.R. § 241.13(i)(1). Section 241.13(i)(1) allows for re-detention for an additional six-months where a non-citizen released on an order of supervision "violates any of the conditions of release." And even if Respondent did purport to rely on that section, Petitioner has been re-detained for longer than the amount of time provided for in section 241.13(i)(1). Petitioner has been detained for over six months.

For these reasons, the undersigned recommends that Petitioner's petition be granted and that he be immediately released.

**RECOMMENDATION**

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondent to immediately release Petitioner from Respondent's custody on the conditions, if any, Petitioner was subject to before detention on March 28, 2026 and that Respondent be enjoined and restrained from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge.

<u>Notice of Expedited Objections</u>: Given the recommendation to grant the petition in part, a party may file written objections with the Court within seven (7) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within seven (7) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 16, 2026**

Erin Sue Castillo
UNITED STATES MAGISTRATE JUDGE