**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NELSON IZQUIERDO MATA,<br>Petitioner,<br>v.<br>WARDEN, *Mesa Verde Detention Facility*,<br>Respondent. | No. 1:26-cv-08176-JLT-EGC (HC)<br>A-Number: 023-221-064<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 12) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 19, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted and Respondent be directed to immediately release Petitioner. (Doc. 12.) On October 25, 2026, Respondent filed timely objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Petitioner's detention since March 28, 2026, has exceeded the six months authorized by 8 C.F.R. § 241.13(i)(1) following Petitioner's arrest in January 2026 on drug-related charges. (Doc. 11-1, ¶ 8.) In addition, the Court agrees with the magistrate judge that Respondents have failed to

demonstrate that they are likely to be able to remove Petitioner, a citizen of Cuba, in the reasonably foreseeable future. (Doc. 12 at 3–4.) Though Respondents claim to be pursuing third country removal to Mexico (Doc. 11-1, ¶¶ 11–14), they have failed to explain how they can effectuate such a removal without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026).[1]

Therefore, despite Petitioner's criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to otherwise explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 19, 2026 (Doc. 12) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents **SHALL** immediately release Petitioner from their custody; OR
4. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center with a copy of this Order.
5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: October 26, 2026

[signature]
UNITED STATES DISTRICT JUDGE

[1] This assertion, made repeatedly in numerous cases notwithstanding this Court's prior rulings regarding the likelihood of effectuating a third country removal to Mexico without the non-citizen's consent, effectively amounts to an admission that Respondents have no practical plans for removal.